IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN J. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:18CV1053 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent(s). | ) | |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner convicted in this Court of bank robbery in case 1:09CR298-1, submitted a form for filing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, together with a request to proceed *in forma pauperis*, which is not required for filing a motion under § 2255. He also states at the top of the form that he is filing under the saving clause of § 2255(e). Such an action would need to be filed as a habeas corpus petition under 28 U.S.C. § 2241, which does require a filing fee or an *in forma pauperis* application. Petitioner also stated in Section 18 of his filing that he seeks to file under § 2241. For all of those reasons, the Court treated the filing as a Petition under § 2241 and opened it as a separate action.

Rule 1(a) of the Rules Governing Section 2254 Cases states that those Rules cover certain persons challenging state court judgments, but Rule 1(b) of those Rules adds that

the Court can also apply them "to a habeas petition not covered by Rule 1(a)," which includes petitions under §2241. Rule 4, of those Rules, states in pertinent part that the Court must review petitions upon filing and that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Therefore, the Court will conduct a review of the Petition in this case.

Petitioner seeks to challenge the validity of his conviction or sentence. Such relief pursuant to 28 U.S.C. § 2241 is available to petitioners where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). This occurs "when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Wheeler, 886 F.3d at 429.

Petitioner raises four claims for relief. The first two do not involve changes in law and reference events that occurred at the time of Petitioner's conviction and sentencing in 2010. Those claims clearly do not meet the test set out above. Petitioner's third and fourth claims do reference a change in law allegedly affecting the predicate offenses supporting a

2

career offender enhancement applied to Petitioner under the United States Sentencing Guidelines, but do not identify that change in law. However, Section 18 of the Petition states that Petitioner seeks to raise a "Simmons claim," which is a clear reference to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner may also be attempting to raise a claim, as he did in a Motion under § 2255 in case 1:16CV695, under Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). In either instance, his claims fail. Wheeler limits sentencing challenges under § 2241 to those raising errors "deemed [to be] a 'fundamental defect.'" Id. at 429 (quoting In re Jones, 226 F.3d at 333 n.3). An erroneous sentence under advisory Guidelines is not a "fundamental defect" cognizable on collateral review. Foote, 784 F.3d at 942-43. In the end, Petitioner cannot state any claim for relief under § 2241 and his Petition should be dismissed to the extent that he seeks to do so.

The Court notes that Petitioner also cannot alternatively raise his claims under § 2255. The Court has no jurisdiction to consider any of his potential claims under § 2255 because Petitioner previously filed a motion under that statute in case 1:12CV741 and any new filing would be a second or successive motion for which Petitioner did not receive authorization from the Fourth Circuit under 28 U.S.C. § 2255(h). Petitioner did later receive authorization to file such a motion in case 1:16CV695. However, he did not receive authorization to raise his current claims to the extent they are different from the claims raised in that case. To the extent they are the same or were raised in a prior proceeding, they have already been considered.

3

Finally, if the current filing were treated as a Motion to Amend in 1:16CV695, that Motion should be denied. As the Fourth Circuit has explained, "[t]he Rules Governing Section 2255 do not specify a procedure for amending motions. Therefore, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion." United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) (citing Rogers v. United States, 180 F.3d 349, 352 n. 3 (1st Cir. 1999); United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999)). Rule 15(a)(1) states that "[a] party may amend the party's pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f)." All other amendments can only be made with the other party's written consent or leave of court. Fed. R. Civ. P. 15(a)(2).

Here, Petitioner made his current filing well more than 21 days after Respondent's responsive pleadings in 1:16CV695 and without its consent. Therefore, he must receive leave of court in order to amend that action. Such leave should be freely given when justice so requires. Fed. R. Civ. P 15(a)(2). Nevertheless, any attempt to amend by Petitioner should be denied because his proposed claims are clearly futile. As noted above, Petitioner has not received any authorization to raise these new claims, which means that they are second or successive claims that cannot be considered. Therefore, even if Petitioner's current submission were treated as an attempt to amend the Motion in 1:16CV695, it should be denied.[1]

---

[1] Further, claims under § 2255 are subject to a one-year statute of limitations. Petitioner's judgment was entered in November of 2010 and he filed no direct appeal, which means that his conviction became

In addition to the Petition discussed above, Petitioner also filed a Motion [Doc. #3] seeking a copy of his sentencing transcript. With respect to the request for the transcript, under 28 U.S.C. § 753(f), a defendant proceeding *in forma pauperis* is entitled to a copy of his transcripts at Government expense in a federal habeas proceeding only if he demonstrates that the collateral action is "not frivolous" and that the transcript is "needed to decide the issue" presented in the collateral action. See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions," but only where the court certifies that the claims are "not frivolous" and that the transcript is "needed to decide the issue presented by the suit"); see also United States v. Parker, 273 F. App'x 243, 244 (4th Cir. 2008) ("An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript."); United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.").

In the instant Motion, Petitioner has neither shown that the transcript is necessary for him to frame his claims, nor established that a transcript is otherwise needed in order

---

final more than eight years before his current filing in December of 2018. That filing is years out of time under subsection (f)(1). Petitioner alleges no unlawful government action that prevented him from filing, any changes in case law do not provide Petitioner with relief for the reasons set out above and, in any event, occurred far more than a year prior to Petitioner's current filing, and the facts related to all of his claims existed and could reasonably have been known to him for a number of years prior to his current filing. Petitioner's claims are simply not timely and any amendment would be futile for that reason as well.

5

Case 1:18-cv-01053-NCT-JEP   Document 4   Filed 07/11/19   Page 5 of 6

to decide the issues presented in these proceedings at this time. In fact, it is clear for the reasons set out above that Petitioner's claims cannot proceed. Therefore, the Court will deny Petitioner's request for a copy of his transcript, without prejudice to Petitioner making a later request, if Petitioner can set out a sufficient need therefor.

Petitioner's request to proceed *in forma pauperis* will be granted for the purposes of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the purposes of entering this Order and Recommendation.

IT IS FURTHER ORDERED that Petitioner's Motion [Doc #3] for a sentencing transcript is denied without prejudice to Petitioner making a later request, if Petitioner can set out a sufficient need therefor.

IT IS RECOMMENDED that, to the extent that Petitioner seeks relief under the savings clause of § 2255 and § 2241, the Petition [Doc. #2] be denied under Rule 4 of the Rules Governing Section 2254 Proceedings and that the Clerk notify Petitioner of that dismissal.

IT IS FURTHER RECOMMENDED that to the extent the Petition could be construed as raising claims under § 2255, it be denied as an attempt at raising second or successive claims without authorization or, alternatively, treated as an attempt to amend 1:16CV695 and denied as futile.

This, the 11th day of July, 2019.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge